UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60429-CIV-SEITZ/MCALILEY

KETTY FABRE, on his own behalf,
and others similarly situated,

       Plaintiff,

v.

HOMORI, INC., a Florida corporation,
d/b/a MIAMI SUBS GRILL, and
KONSTANTINOS ALEXOPOULOS, individually,

       Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR AWARD OF ATTORNEY'S FEES
AND REASONABLE EXPENSES OF LITIGATION**

Pending before this Court is Plaintiff's Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation. [DE 83]. Plaintiff petitions to recover his attorney's fees and costs against all Defendants pursuant to 29 U.S.C. § 216(b). This motion was referred to the undersigned by the Honorable Patricia A. Seitz. [DE 87].

**I.    Background**

Plaintiff Ketty Fabre brought this action, on behalf of himself and others similarly situated, against Defendants Homori, Inc. *d/b/a* Miami Subs Grill ("Homori") and Konstantinos Alexopoulos for unpaid overtime compensation, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. [DE 1]. On February 5, 2007, the Court granted in part and denied in part Defendants' motions for summary judgment. [DE 43].

Specifically, the Court: (1) denied Defendants' motion on the issue of individual coverage under FLSA, (2) granted Defendants' motion on the issue of enterprise coverage under FLSA as to the years 2002, 2003 and 2005, but denied it as to the year 2004, and (3) denied Alexopoulos' motion on the issue of individual employer liability under FLSA.

A jury trial was held between April 16 and April 18, 2007 on the remaining claims. The jury returned a verdict in favor of Fabre, in the amount of $11,932, for unpaid overtime wages owed to him. [DE 73]. Thereafter, the damage figure was doubled after the Court granted Plaintiff's motion for liquidated damages. [DE 77]. On July 19, 2007, upon Defendants' motion for remittitur, the Court reduced the jury award to $5,852 [DE 86], and entered an amended final judgment in favor of Fabre in the total amount of $11,704. [DE 88].

Fabre seeks attorney's fees in the amount of $81,976, the fees of his attorney's fees expert, William M. Julien, Esq., in the amount of $750, and costs in the amount of $3,314.64. Plaintiff initially sought attorney's fees in the amount of $90,576.00 for 286.6 hours his counsel spent litigating this matter, including the time spent on the motion for fees. [DE 83]. In his Reply [DE 91], however, Plaintiff conceded that his counsel's billing records included $8,600 for 27 hours[1] for a fourth day of trial that never took place and, that these entries should be deleted from his fee petition. [DE 91, p. 2, fn. 1].

---

[1] Specifically, Plaintiff erroneously billed for 17 hours for lead counsel, Gregg I. Shavitz, and 10 hours for second chair counsel, Stacey H. Cohen, on April 18, 2007. [DE 83, Ex. 1].

2

**II.     Analysis**

        **A.     Attorney's fees**

Fabre claims entitlement to an award of attorney's fees under 29 U.S.C. § 216(b), which provides "[t]he court in such action [for violation of the FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." It is undisputed that Fabre brought a claim for unpaid overtime wages in violation of the FLSA and that he is the prevailing party. Thus, Fabre is entitled to recover his reasonable fees and costs pursuant to § 216(b).

In accordance with the standards set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), and *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994), in determining reasonable attorney's fees the court must determine the number of hours reasonably expended in the litigation, and multiply those hours by a reasonable hourly rate, which results in a "lodestar" amount. *See also Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The moving party bears the burden of documenting its request with specific and detailed evidence of the time spent on different claims and in support of the requested hourly rate. *Id.* at 1303.

        **1.     Hours reasonably expended**

Fabre asserts that his counsel spent a total of 259.6 hours[2] litigating this matter,

---

[2] Plaintiff asserts in a footnote in his Reply that his counsel spent "about 6.5 more hours" analyzing the response and preparing his reply in support of Plaintiff's motion for attorney's fees and costs and reviewing Defendant's Reply to Motion for New Trial. [DE 91, p. 7, fn. 2]. Plaintiff has not provided any specific and detailed evidence to support this requested time. Therefore, this Court

including the time devoted to preparing the motion for fees.[3] In support, Fabre submitted his counsel's time records, which describe the work performed, the amount of time devoted to each task, and the lawyer who performed the task. This Court has reviewed these hours and finds that they were reasonably incurred in litigating this action, with the following exceptions: 30.3 hours this Court considers excessive, redundant or unnecessary, 2.9 hours expended on clerical tasks, and .8 hours that Plaintiff has not supported with specific and detailed evidence.

In determining the hours reasonably expended, a court must deduct "excessive, redundant or otherwise unnecessary hours." *Norman*, 836 F.2d at 1301. Fabre seeks to recover .5 hours for time his counsel spent preparing a motion for extension of time to respond to summary judgment.[4] This Court finds .5 hours to be excessive for that task and reduces the time to .2 hours. Fabre also seeks to recover for two attorneys who represented him during three days of trial: lead counsel Mr. Shavitz, and Ms. Cohen.[5] The issues presented in this action were not complex or novel, and given Mr. Shavitz's level of experience and expertise in the field, this Court concludes that while the 30 hours spent by Ms. Cohen at trial no doubt were useful, for purposes of this fee petition they are redundant.

---

recommends that these hours be excluded. *See Norman*, 836 F.2d at 1303.

[3] Counsel's time preparing a motion for fees is recoverable under 29 U.S.C. § 216(b). *See Johnson v. Univ. of Alabama*, 706 F.2d 1205, 1207 (11th Cir. 1983) (federal law allows a party to recover fees for time spent litigating fees).

[4] Nov. 27, 2006. [DE 83, Ex. 1].

[5] April 16, 17 and 18, 2007. [DE 83, Ex. 1].

The fee applicant has the burden of showing that the time spent by multiple attorneys reflects the distinct contribution of each lawyer. *See American Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 432 (11th Cir. 1999). Plaintiff has not met this burden regarding the use of two lawyers at trial. Accordingly, Fabre can not recover for the time that Ms. Cohen spent at trial.

Fabre also seeks to recover for the following time his counsel spent engaging in what are best understood as clerical tasks:

| Date | Description | Hours Billed | Lawyer |
|---|---|---|---|
| 4/11/06 | Telephone call with process server re: served 4/10/06 | .1 | GS |
| 5/12/06 | Fax to D counsel for comments to JSR | .2 | GS |
| 10/11/06 | E-mail to D counsel to confirm upcoming depositions | .1 | KERR |
| 12/28/06 | Filing and service of response to motion to strike | .2 | HA |
| 3/30/07 | Telephone conference with Esquire re Corp Rep Depo Transcripts. Will be here on Mon 4/2/07 | .2 | IZ |
| 3/30/07 | Telephone conference with Florida Court Reporting re Depo Transcripts for Fabre and Konstantin | .1 | IZ |
| 3/30/07 | Telephone conference with Florida Court Reporting re email Depo Transcripts | .1 | IZ |
| 5/22/07 | Receipt and review of Docket Text | .1 | JS |
| 5/25/07 | Preparation and service of subpoenas ... Copied, faxed and mailed to o.c the Subpoenas and Notice of Taking Deposition Duces Tecum, calendared | .3 | JS |
| 6/1/07 | Receipt and review of return of service for both Corp and Ind Deft Subpoenas. Substitute (wife) served on 5/31/07 re: depo in aid of execution, e-mail to Gregg Shavitz advising of service and noting Act | .2 | JS |

5

| 6/4/07 | Receipt and review of Motion for extension of time to Hal e-file and Calendared proposed date for Pltf's EXT to resp to Deft's M-for new trial 6/22 | .05 | JS |
|---|---|---|---|
| 6/12/07 | Requested court reporter via Esquire Online. Requested one for each deponent. Corp and Ind Deft for 1 hr each. Converted depo notices to PDF and attached to Esquire web site | .3 | JS |
| 6/12/07 | Telephone conference with Patty from Esquire to confirm the depo of Corp and Ind Deft Duces Tecum ... Confirmed | .1 | JS |
| 6/13/07 | Left message for opposing counsel re: confirming his attendance at depo | .05 | JS |
| 6/15/07 | Prepared the depo re-notice re: Duces Tecum on Monday 6/18.  E-mailed notice to Patty at Esquire for her to have reporter here at 2:30 pm. | .3 | JS |
| 6/21/07 | Review and edit fee ledger; help print and scan and organize fee ledger | .5 | SC |
|  |  |  |  |
|  | **TOTAL** | **2.9** |  |

[DE 83, Ex.1].

Fabre cannot recover attorney's fees for these clerical tasks.  *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) ("tasks of a clerical nature are not compensable as attorney's fees"); *Scelta v. Delicatessen Support Servs. Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) (work that is clerical or secretarial in nature, such as gathering, copying, mailing and refiling documents, is not recoverable).

Fabre seeks to recover for time on tasks that "JS" performed.  [DE 83, Ex.1].  It appears from the time records that "JS" is a paralegal or an administrative assistant; Fabre

6

has provided no evidence regarding "JS" to support his request to recover for this time. Therefore, Plaintiff cannot recover the remaining .8 hours for tasks performed by "JS,"[6] not otherwise excluded above as clerical. *See Norman,* 836 F.2d at 1303 (the moving party has the burden of documenting its request for fees with specific and detailed evidence).

Excluding 30.3 hours this Court concluded were excessive, redundant or unnecessary, 2.9 hours for clerical tasks, and .8 hours not otherwise supported by evidence, this Court concludes that Plaintiff's counsel reasonably expended **225.6** hours on this litigation.

### 2. Reasonable hourly rate

The second half of the lodestar equation is the reasonable hourly rate. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation. *Norman,* 836 F.2d at 1299. Fabre seeks an hourly rate of $350 for his lead counsel Mr. Shavitz, $265 for Ms. Cohen, $265 for Kerri Smith, and $300 for Hal B. Anderson. Defendants have challenged only Mr. Shavitz's hourly rate and not the rates for the other attorneys.

In evaluating the reasonableness of these rates, this Court reviewed the qualifications of Fabre's counsel [DE 83], the Affidavit of William M. Julien, Esq. filed in support of the motion for fees [DE 83, Ex. B], the Affidavit of Stuart A. Rosenfeldt filed in opposition to the motion for fees [DE 85, Ex. C] and the record in this action.

---

[6] May 16, 2007 (.1); May 18, 2007 (.1); May 25, 2007 (.4); June 19, 2007 (.2). [DE 83, Ex. 1].

On this record, this Court concludes that an hourly rate of **$300.00** is reasonable for Mr. Shavitz. *See Loranger*, 10 F.3d at 781 (the court "is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience . . ."). In his Motion, Fabre cited multiple fee awards and retainer agreements for Mr. Shavitz and the most typical hourly rate among these was $300. [DE 83]. The information contained in the affidavit of Defendants' expert [DE 85, Ex. C] also supports a finding that a $300 hourly rate for Mr. Shavitz is reasonable. This Court also concludes that **$265.00** is reasonable for Ms. Cohen and Ms. Smith, and **$300.00** is reasonable for Mr. Anderson.

Accordingly, the hours reasonably expended, multiplied by the reasonable hourly rate, result in the following lodestar amount:

| Lawyer | Hours | Rate | Total |
| --- | --- | --- | --- |
| Gregg I. Shavitz | 148.7 | $300/hr | $44,610 |
| Hal B. Anderson | 32.5 | $300/hr | $9,750 |
| Stacey H. Cohen | 4.2 | $265/hr | $1,113 |
| Kerri Smith | 40.2 | $265/hr | $10,653 |
|  |  |  |  |
|  |  | **Lodestar Amount** | **$66,126** |

**B.    Costs**

Federal Rule of Civil Procedure 54(d) provides that a prevailing party is entitled to costs as a matter of course, while 28 U.S.C. § 1920 enumerates the costs that may be taxed. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-2 (1987); *Maris Distributing*

8

*Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207,1225 (11th Cir. 2002) (noting that the court "abuses its discretion if it awards costs pursuant to Fed. R. Civ. P. 54 in excess of those permitted by Congress under 28 U.S.C. § 1920"). The Eleventh Circuit has determined that the costs provision under section 216(b) of FLSA is limited to the costs enumerated under § 1920. *Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988); *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 648 (S.D.Fla. 2007). As noted above, Fabre is indisputably the prevailing party. Thus, the only issue is the amount of costs to be awarded.[7]

### 1. Fees of William M. Julien, Esq.

Fabre seeks to recover a total of $750 for the fee of William M. Julien, Esq., Fabre's expert who prepared an affidavit in support of his motion for attorney's fees. [DE 83, Ex. B]. In his Motion, Plaintiff characterizes Mr. Julien's fee as an attorney's fee, when it is more properly considered a cost to Plaintiff. Plaintiff, however, does not offer any justification for his recovery of this cost. Section 1920(6) does authorize a prevailing party to recover "compensation of court appointed experts," however this does not describe Mr. Julien. Fabre's request to recover Mr. Julien's fee should be **denied.**

### 2. Fees to the clerk

Fabre seeks to recover a total of $**250.00** in filing fees paid to the clerk. [DE 83, p. 10].

---

[7] Local Rule 7.3(A) directs the party seeking an award of costs to "describe in detail all reimbursable expenses . . . ." Local Rule 7.3(C) states that a "bill of costs should attach copies of any documentation showing the amount of costs." Fabre provided no documentation to support his claimed costs and his motion includes only a minimal description of the costs sought. Without a more detailed description or supporting documentation, certain of those costs are in question, and therefore (as indicated below) this Court does not recommend that they be taxed against Defendants.

9

Recovery of fees to the clerk is authorized under 28 U.S.C. § 1920(1); therefore Fabre is entitled to the full amount.

### 3.     Fees for service of process costs

Fabre seeks a total of $575.00 for "service of process costs." [DE 83, p. 10]. Plaintiff would be entitled to recover private process server fees had he properly documented this cost. *See For Play Ltd. v. Bow To Stern Main., Inc.* Case No. 05-22002-CIV-KING, 2006 WL 3662339, *12 (S.D.Fla. Nov. 6, 2006). Here, however, Plaintiff has provided no breakdown of this claimed cost. Accordingly, Fabre's request for service of process costs should be **denied**.

### 4.     Court reporter's fees and transcript costs

Fabre seeks to recover $2,489.64 for "court reporter for deposition and transcripts." [DE 83, p. 10]. Taxation of court reporter fees for depositions is authorized by § 1920(2), so long as the depositions were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). The costs of mini-transcripts, ASCII transcripts, and videotape copies generally are not recoverable, absent a specific showing that these items were necessarily obtained for use in the case, rather than for the convenience of counsel. *See Johnson v. Comm. Supply Corp.*, Case No. 05-60510-Civ, 2006 WL 3709620, *2 (S.D. Fla. Dec. 14, 2006); *United States v. Davis*, 87 F. Supp. 2d 82, 90 (D.R.I. 2000). Shipping and handling charges by the stenographer also are not taxable. *See Davis*, 87 F. Supp. 2d at 90.

Because, Fabre has not documented the nature of the court reporter expenses he wants to recover, the Court can not determine whether these charges are of a kind that can be recovered. Accordingly, Fabre's request for taxation of court reporter fees should be **denied**.

Accordingly, Fabre should be awarded **$250.00** in costs.

### III.  Conclusion

This Court **RECOMMENDS** that Plaintiff's Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation [DE 83] be **GRANTED IN PART** and that the Court enter final judgment against Defendants, in favor of Plaintiff, for attorney's fees in the amount of **$66,126.00** and costs in the amount of **$250.00.**

### IV.  Objections Period

Pursuant to Magistrate Rule 4(a), the parties may file written objections to this Report and Recommendation with the Honorable Patricia A. Seitz within **10 days** of the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 12th day of February, 2008.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

*Copies to:*
> The Honorable Patricia A. Seitz
> All counsel of record